IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
HATTIESBURG DIVISION

**BILLY RAY FORD, JR., #80574**                                                               **PLAINTIFF**

**VERSUS**                                         **CIVIL ACTION NO.  2:05cv2111KS-JMR**

**STATE OF MISSISSIPPI, BOB HELFRICH,**
**and JOHN MARK WEATHERS**                                                          **DEFENDANTS**

OPINION AND ORDER

Upon further consideration of the complaint and the records in this action, the Court finds that an order was entered on November 15, 2005, requiring the plaintiff to pay the filing fee in this cause, within thirty days of the entry of the order.  The plaintiff was warned that his failure to timely comply with the requirements of the order would lead to the dismissal of his lawsuit.  A copy of the order was mailed to the plaintiff at his last known address.  The plaintiff failed to comply.

On January 24, 2006, this Court entered an order to show cause, directing the plaintiff to state why this case should not be dismissed for his failure to comply with the Court's order of November 15, 2005, and further directing the plaintiff to comply with the order of November 15, 2005, by paying the filing fee in this cause, within fifteen days from the entry of the Court's order.  On February 3, 2006, the envelope containing the Court's order to show cause was returned to the Court marked "undeliverable."  The order was mailed to the plaintiff at his last known address.

According to the Court records, plaintiff has failed to communicate further with the Court, either to inquire as to the status of his case or to attempt to comply with the Court's order.  The plaintiff's failure to comply with an order of this Court or to otherwise communicate with this

Court indicates his lack of interest in pursuing this claim. This Court has the authority to dismiss an action for the plaintiff's failure to prosecute under Rule 41(b) of the Federal Rules of Civil Procedure and under its inherent authority to dismiss the action sua sponte. See Link v. Wabash Railroad, 370 U.S. 626 (1962); McCullough v. Lynaugh, 835 F.2d 1126 (5th Cir. 1988).

The Court must be able to clear its calendars of cases that remain dormant because of the inaction or dilatoriness of the parties seeking relief, so as to achieve the orderly and expeditious disposition of cases. Such a sanction is necessary in order to prevent undue delays in the disposition of pending cases and to avoid congestion in the calendars of the Court. Link, supra, 370 U.S. at 630.

Since the defendants have never been called upon to respond to the plaintiff's pleading, and have never appeared in this action, and since the Court has never considered the merits of plaintiff's claims, the Court's order of dismissal should provide that dismissal is without prejudice. Shaw v. Estelle, 542 F.2d 954 (5th Cir. 1976).

A final judgment in accordance with this opinion and order will be entered.

This the 24th day of March, 2006.

s/ Keith Starrett
UNITED STATES DISTRICT JUDGE